*PLANTERS' BANK OF GEORGIA* vs. *ALLARD.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. This is an hypothecary action against the third possessor of the mortgaged premises, who resists the plaintiffs' pretensions on the ground that the premises were purchased on the production of the certificate of the recorder of mortgages, which did not mention the mortgage on which the present suit is brought; the premises lying in the parish of St. Bernard, within the county of Orleans.

The plaintiffs contended, that both the defendant and his vendor resided in the parish of St. Bernard, in the office of the parish

judge of which the plaintiffs' mortgage was recorded, a circumstance with which both vendor and vendee were acquainted, that they made an attempt to obtain from the said judge a certificate which did not state said mortgage, and being unable to obtain it, they came to the city of New-Orleans, where the deed of sale was executed, although the land lay in a different parish, with a view to frustrate the plaintiffs from their right of mortgage.

There was judgment against the defendant, and he appealed.

His counsel has first called our attention to a bill of exceptions to the opinion of the district judge, who admitted the testimony of the parish judge to establish that the defendant had notice of the mortgage. The testimony was objected to, on the ground that the mortgage was not recorded in the proper office, to wit, that of the recorder of mortgages, in the city of New-Orleans, and no evidence was admissible to prove notice to the defendant, but the certificate of that officer.

The appellant's counsel has contended that the law having required that mortgagees should give legal notice to third parties of their mort-

East'n. District.
*June*, 1829.

PLANT.'s BANK
OF GA.
*vs.*
ALLARD.

gages, by causing them to be recorded in a particular office, the absence of this formality is evidence that the mortgagee is satisfied with the security which the mortgagor otherwise presents, or relies on his honesty to prevent an alienation of the mortgaged property, to the injury of the mortgagee.

2. That knowledge in the purchaser is not equivalent to notice,

3. That when the mortgagee intends to establish fraud in the purchaser, by aiding the mortgagor in committing a fraud, he ought not only to prove, but to allege the fraud, in order to enable the purchaser to disprove it.

A number of French authorities have been introduced, from which it appears, beyond contradiction, that, in the tribunals of France, knowledge in the purchaser does not prevent him from resisting the mortgagee's claim, when the legal inscription, or record of the mortgage, in the proper office, has been neglected.

But, in this country, the legislature appears to have introduced the converse of this proposition.

The old civil code, 464 art. 52, *in order to protect the good faith of those who may be*

East'n. District.
*June*, 1829.

PLANT.'s BANK
OF GA.
*vs.*
ALLARD.

*ignorant of mortgages,* and to prevent fraud, required them to be recorded in the office of a recorder of the mortgages, in the city of New-Orleans, for the whole territory. To permit, therefore, the bad faith of a person, who has a knowledge of the existence of a mortgage, to avail himself of the protection provided by this law, for the good faith of the ignorant, would be rather to thwart, than to promote, the views of the legislator.

In the next article, the code speaks of mortgages not registered in the time prescribed, and authorizes their registry, on an order of the judge, and directs that such mortgages shall have effect against third persons, being *bona fide*: i. e. ignorant of the existence of the mortgage, from the date of the registry.

From a close examination of the part of the Napoleon code, which treats of the inscription of mortgages, (3, 18, 4,) we find that no single expression is used therein which shews that the legislator had *bona fide* parties in contemplation.

Hence it is not extraordinary that the jurisprudence of our decisions has established the distinction which the legislature has pointed out.

East'n. District.
June, 1829.

PLANT.'s BANK
OF GA.
vs.
ALLARD.

Accordingly, in the case of *Morris* vs. *Trudeau, vol.* 1, 396, we held that a registry, made at a period in which the order of the judge was required, was sufficient notice to third parties, notwithstanding the order had not been obtained.

In *Doubrere* vs. *Grillier's syndics, vol.* 2, 171, we said that when it appears from circumstances *dehors* an act, *sous seing privé,* that it was executed at the time on which it bore date; or possession of the property sold had followed it, the sale would have effect against third persons from the day of the execution of the act, notwithstanding it was not registered. See also the case of *DeFlechier's syndics* vs. *Degruys, vol.* 5, 426, and *Martinez* vs. *Layton & al. vol.* 4, 361.

These last decisions, in construction of the old code, article 228, have not escaped the attention of the legislature, and the spirit of them has been incorporatod in the 2242d article of the new code.

We take it now to be a settled rule, that the actual knowledge of a purchaser of an existing mortgage is equivalent to the notice resulting from the registry: consequently that the absence of the record of a mortgage is no evi-

dence of the mortgagee's intention not to rely thereon.

East'n. District.
*June*, 1829.

PLANT.'s BANK
OF GA.
*vs.*
ALLARD.

Pleadings in this state are confined to petition and answer. The plaintiff needs not deny the facts pleaded in avoidance of his claim, in the answer, in order to be admitted to disprove them or call on the defendant to establish them. The plaintiff may resort to the exceptions of non-age, coverture, violence, fraud, prescription, and the like, without pleading them, because he is not permitted to reply.

But the appellant's counsel has urged that fraud is not presumed, but must be proven, ergo, it must be alleged, and the appellee might have amended his petition for an injunction.

Non-age, coverture, violence, &c. must all be proven, yet the plaintiff to whom a release would be opposed by the answer, may avail himself of any of these exceptions without pleading it. If it were admitted, that because by an amendment, a party might bring a charge of fraud before the court, and therefore he must amend, it would follow that in every case these may be rebutted, &c. by way of amendment, whenever, by the former practice, they were necessary.

We think the court did not err in overruling the appellant's counsel's objection to the in-

East'n. District.
June, 1829.

PLANT.'s BANK
OF GA.
vs.
ALLARD.

troduction of evidence to shew hnowledge in the purchaser before the sale of the existing mortgage.

Fagot, the judge of the parish of St. Bernard, deposed that the appellant was present at the passation of the notarial act, by which Louis N. Allard, his father and vendor, acquired the premises, that the act which contained a mention of the mortgage now sought to be enforced, was read aloud in his presence, and that the appellant went out to look for, and brought a witness, who was wanting to subscribe the act; and the witness afterwards delivered to the appellant, at his request, a copy of the said act of sale. That after the act of sale of the premises, by Louis N. Allard, to the appellant, was passed and recorded in the witness' office, the appellant brought for his signature the sketch of a certificate of the mortgage recorded in the witness' office, as affecting the premises, in which that sought to be enforced was not stated. Witness, noticing the omission, refused to sign the certifi-cate, unless said mortgage was inserted, but the appellant said he wanted no certificate in which said mortgage was inserted: that the sketch of a certificate presented was drawn by his, the appellant's lawyer, and the object of

East'n. District.
*June*, 1829.

PLANT.'s BANK
OF GA.
*vs.*
ALLARD.

it was to annul the mortgage sought to be enforced.

From the above testimony, it appears to us the inferior judge did not err, in concluding that the appellant bought the premises with the perfect knowledge that they were burdened with the mortgage, against which he seeks relief in this court.

But his counsel urges that, admitting this fact, still, as it appears that the mention of the mortgage in the act of sale to his father and vendor, was accompanied by a covenant of the then vendor to relieve the vendee from the burden of the mortgage, and that in the certificate of the recorder of mortgages, stating the absence of the incumbrance, he might fairly find evidence of the performance of the covenant of his intermediate vendor.

The district judge has thought otherwise. The appellee's counsel have invoked as an evidence of the appellant's bad faith, his attempt to induce the parish judge to violate his duty, by hiding the truth and giving a false certificate. It is true, this attempt of the appellant, though no evidence of his good faith, at the time it was made, is no absolute evidence of dishonesty at the time of the purchase. It may have had some influence

East'n. District.
*June*, 1820.

PLANT.'s BANK
OF GA.
*vs.*
ALLARD.

on the inferior judge, and we are not ready to say it ought not to have any.  Men ought to be deterred from the commission of a dishonest act, by the reflection that it will render their deviation from the path of rectitude more easily believed, in other instances.

The magnitude of the sum for which the land was mortgaged, twenty thousand dollars, and the delayed time of payment, have been presented by the appellee's counsel as violent presumptions that the appellant was not deceived by the recorder's certificate.

After a close examination of the case, we have come to the conclusion, that as the case turns on a simple question of fact, on the solution of which it is far from clear that the district judge erred, we ought not to reverse the judgment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Morse* for the plaintiffs—*Seghers* for the defendant.